**KASTELIC, ESTATE OF, In Re**

Ohio Common Pleas Court

Cuyahoga County

No 424534. Decided June 15, 1935

Leopold Kushlan, Cleveland, for appellant.

Frank T. Cullitan, County Prosecutor, Cleveland, and Margaret R. Lawrence, Asst. County Prosecutor, Cleveland.

Edwin E. Miller, Cleveland, and Ansel B. Curtiss, Cleveland, Amicis Curiae.

## OPINION

By JOY SETH HURD, J.

The determination of the issues involves the construction to be placed upon §§10509-176, 10509-121 and 10509-81 GC. The section of greatest importance involved is §10509-176 GC which came into effect on January 31, 1932, that section is as follows:

"In rendering such account every executor or administrator shall produce vouchers for debts and legacies paid, and for funeral charges and just and necessary expenses, together with certificates from the County Treasurer and the County Auditor showing that all returns for taxation have been made and that all taxes charged against the estate have been paid, which shall be filed with the account, and they, together with the account, shall be deposited and remain in the Probate Court."

It is conceded by all counsel involved that hundreds of estates in the Probate Court of our county are open and un-settled because of the inability of administrators and executors to furnish certificates of payment of real property taxes in accordance with the ruling heretofore made by the attorney general and followed by the Probate Court. It is also claimed that thousands of estates throughout the State of Ohio are affected by reason of the fact that the opinion of the Attorney General hereinbefore referred to has been followed by Probate Courts of other counties.

This court is of the opinion that the provisions of this section of the General Code do not apply to real estate taxes. We reach this conclusion after a careful analysis of the wording of the statute for the purpose of ascertaining the real meaning thereof and the intent of the Legislature in respect thereto.

It will be noted that this section provides for certificates from the county treasurer and the county auditor showing "that all returns for taxation have been made." We are of the opinion that this language used by the Legislature clearly refers only to such taxes concerning which "returns" are required to be made. It is conceded that "returns" are not required by law for real estate taxes.

It will be further noted that §10509-176 GC further provides "that all taxes charged against the estate have been paid which shall be filed with the account." It is contended by the appellees that the words

"all taxes charged against the estate" include real estate. taxes. We hold otherwise. It is a fundamental proposition of law that statutes imposing taxes or penalties must be strictly construed. Therefore we hold that if the Legislature intended to include real estate taxes it should have so stated in clear and definite terms. Obviously it did not do so. Nowhere in this section are the words "real estate taxes" used.

Again it must be considered that real estate taxes as such are not charges or debts **against the estate** (black face ours) but are rather charges only as to the **particular property on which they are levied** (black face ours).

According to law an administrator or executor would be required only to pay the debts of the decedent. This would include only such debts as one could have enforced against the decedent during his life time. It has been repeatedly held by the Supreme Court of this state "that a tax in its essential characteristics is not a debt nor in the nature of a debt but an impost levied by authority of government upon its citizens or subjects for the support of the State."

Peter v Parkinson, Treas., 83 Oh St, 36;

Tax Commission of Ohio v Nat. Malleable Castings Co., 111 Oh St, 117;

Vokoun v City of Cincinnati, 112 Oh St, 374.

It is likewise a fundamental proposition of law that immediately upon the death of a decedent real property descends to the heirs subject to the debts of the decedent:

Piatt v St. Clair's Heirs, 6 Ohio 227;

White, Admr. v Turpin, 16 Oh St, 270;

Kilburn et v Schaefer, 29 Oh St, 290.

Real property taxes not being a debt but in the nature of a charge or impost levied by authority of government upon land are a lien against the land itself and not a debt of the estate. Since October 15, 1931, there has been no personal liability in Ohio on the part of the owner of real estate to pay taxes levied against his real estate, and there is no language in the statute which provides for the collection of taxes through the medium of a personal judgment against him:

Newman v Mfg. Co., 31 N.P. (N.S.) 273;

Sec 2658 GC, effective Oct. 14, 1931.

Therefore the conclusion is logical that personal liability for real estate taxes being removed, such taxes cannot be. included as debts against the estate of the decedent. In our opinion if these taxes in the eyes of the law are not a debt of the living the incident of death cannot per se change the nature of the liability and make it a debt against the personal representatives of the decedent.

Counsel for the county auditor and county treasurer apparently rely upon the opinion of the Attorney General dated April 11, 1933, to the effect that by virtue of the provisions of §10509-176 GC it is mandatory that the certificates of the county treasurer and county auditor must certify that "all taxes" include real estate taxes, charged against property coming into control of the executor as authority for their contentions in this matter.

The attorney general in his opinion refers to §10509-81 GC, which makes provision for the payment of taxes from the estate of a decedent. We have examined the provisions of this section very carefully and have reached the conclusion that this section also applies only to taxes other than real estate taxes.

There is another proposition involved in a consideration of this subject, and that is the question of constitutionality. Assuming that real estate taxes are not debts in respect to living persons could the Legislature make a valid enactment holding such taxes debts against administrators or executors who are the personal representatives of those persons after death? We think not.

As above stated, the incident of death cannot per se change what was not a debt against the living into a debt against the decedent or his personal representatives. Such an enactment would, in our opinion, be an arbitrary and fictitious classification imposing unjust burdens in respect to taxation on administrators and executors not imposed upon those whom they represent. As such we are certain that it would be contrary to the spirit if not the letter of our constitution and laws which provide that all persons shall have equal protection under the law. All of the foregoing conclusions have been and are based upon a strictly legal analysis of the sections of law involved. We are satisfied that the conclusions herein reached are also sound on the ground of public policy.

While we are willing readily to concede that every reasonable effort should be made to collect taxes for the support of the State, we cannot blind ourselves to the fact that the effort so to do in the matters involved herein has not been successful and on the other hand has placed an unjust and arbitrary burden upon those who are the heirs at law of decedents who died leaving real estate. The fact that they have

been unable to pay real estate taxes in part or in full during the depression has made it impossible under the previous ruling on this subject to close the estates of their ancestors, thus placing them in a position where they are unable to give clear title to their property. If the prohibition is removed and these estates may be closed, clear title may be given to the property and the same may be transferred to others who may be able to pay the taxes and some value will be left to the heirs. As the condition now exists the State does not gain and the heirs in many cases are in great danger of losing all the property which would rightfully be theirs under our laws of descent and distribution.

The attention of the court has been called to the fact that the sections of the General Code under consideration, namely §§10509-176 and 10509-121 GC have since been amended by the Legislature, the amendment eliminating all requirements in respect to the certificates for the payment of real estate taxes. These amendments, however, will not go into effect until September of this year. The effect of this decision should be mmediately to release the estates involved so that the same may be closed.

In conclusion we hold that §10509-176 GC and related sections do not require the certificates of the county auditor and county treasurer to be filed with the Probate Court certifying that real estate taxes charged against the property coming into the control of the executor have been paid.

We hold that the motion herein to dispense with a certificate to the effect that all real estate taxes have been paid should be granted, and decree will be entered accordingly; O.S.J.